# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEVEN SCOTT,**

    **Plaintiff,**

    v.                                  Case No. 13-CV-1297

**BRODERSEN ENTERPRISES OF WISCONSIN, INC./
BRODERSEN MANAGEMENT, doing business as Popeye's Chicken,
POPEYE'S LOUISIANA KITCHEN - AFC ENTERPRISES, INC.,
and ABC INSURANCE COMPANY
sued as ABC Insurance Company No 1 and ABC Insurance Company No 2,**

    **Defendants.**

## ORDER

Plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1981, 42 U.S.C. § 2000e, and Wisconsin state law. I dismissed the case without prejudice for failure to prosecute after plaintiff failed to pay the $4.31 initial partial filing fee as ordered (Docket 7). Plaintiff has filed a motion to vacate the judgment and reinstate his case. He asserts that he timely requested withdrawal of the fee from his account at Green Bay Correctional Institution but that prison officials negligently failed to timely submit the fee to the court. Plaintiff submits exhibits supporting his assertions. In addition, he has since submitted the $4.31 initial partial filing fee. Under the circumstances, I will reopen the case, grant plaintiff's petition to proceed in forma pauperis, and review the complaint under 28 U.S.C § 1915(e)(2).

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

## Complaint Allegations

Plaintiff is an African/Native American male. He alleges that on May 24, 2005, his shift manager at Brodersen Enterprises/Popeye's Louisiana Kitchen physically assaulted him. Plaintiff sought treatment at St. Joseph's Hospital emergency room where he was diagnosed with an acute right wrist sprain.

The next day, plaintiff reported that assault to his store supervisor, Jane Doe. Supervisor Doe told plaintiff that she had been informed that he was using obscene and abusive language in front of customers, being insubordinate, and refusing to work. She told plaintiff that an investigation would be conducted and that he was suspended until further notice. However, Supervisor Doe actually terminated plaintiff without telling him.

Plaintiff left several messages with the corporate office but did not receive any response. Due to Supervisor Doe's actions he was unable to exhaust administrative remedies with the EEOC within the 300-day time limit. Plaintiff contends that his action did not accrue until he received medical bills from the assault that should have been taken care of by defendants and until he submitted as open records request after which time he discovered that no internal investigation was conducted and that he was terminated. He asserts that the discovery rule – whereby a claim does not accrue until the injury is discovered or in the exercise of reasonable diligence should be discovered – applies. Plaintiff does not indicate when he discovered the injury.

Plaintiff claims that he was discriminated against based on his race and sex in violation of 42 U.S.C. § 1981(a). He asserts that had he been treated equally as other employees of all races and sexes, he would not have been secretly terminated in an attempt to cover up the malicious assault. Plaintiff also claims that defendants violated his

rights under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and that they prevented him from filing within the statutory period. Lastly, he seeks relief for emotional distress and neurological trauma due to, (1) assault and battery; (2) negligent hiring; (3) negligent retention of an unfit employee; and (4) negligence for creating a dangerous work environment. He asserts that because the assault was unrelated to his employment, Wisconsin's worker's compensation statute, Wis. Stat. § 102.03, does not limit his remedies. For relief, plaintiff seeks monetary damages.

Section 1981 of Title 42 of the United States Code provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, as is enjoyed by white citizens . . ." and defines making and enforcing of contracts as "the making, performance, modification, and termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981. Plaintiff advances wrongful termination claims under § 1981. His claims are subject to a four-year statute of limitations under 28 U.S.C. § 1658. See Dandy v. United Parcel Service, Inc., 388 F.3d 263, 269 (7th Cir. 2004). Plaintiff filed his complaint on November 15, 2013; therefore, I may consider events which occurred as early as November 15, 2009. Plaintiff's allegations took place in 2005 and therefore are likely barred by the statute of limitations. However, given that the date plaintiff discovered the injury is not clear and it is not known whether the statute of limitations was otherwise tolled, the § 1981 claim may proceed at this time.

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . race." 42 U.S.C. § 2000e-2(a)(1). To succeed on a Title VII hostile

4

work environment, a plaintiff must prove "(1) that [his] work environment was both objectively and subjectively offensive; (2) that the harassment was based on [his race]; (3) that the conduct was either severe or pervasive; and (4) that there is a basis for employer liability." Vance v. Ball State Univ., 646 F.3d 461, 469 (7th Cir. 2011). In order to bring an action in federal court under Title VII, a Wisconsin plaintiff must file a charge of discrimination with the Equal Employment Opportunities Commission within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e). Here, plaintiff alleges that defendants prevented him filing within the statutory time period. Thus, he may proceed on his claim for now. See Weinandt v. Kraft Pizza Co., 217 F. Supp. 2d 923, 927 (E.D. Wis. 2002) (citing Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450-51 (7th Cir. 1990) (the 300-day statute of limitations is subject to a number of tolling mechanisms, including the discovery rule and the doctrines of equitable estoppel and equitable tolling)). Finally, I will exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(a).

**ORDER**

**IT IS THEREFORE ORDERED** that the January 7, 2014, judgment dismissing this case is **VACATED** and this case is reopened.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for

making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $345.69 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Green

6

Bay Correctional Institution and Waupun Correctional Institution and, therefore, if the plaintiff is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

>Honorable Lynn Adelman
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2014.

                                                s/ Lynn Adelman
                                        _____
                                        LYNN ADELMAN
                                        District Judge