# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN SCOTT,
        Plaintiff,

v.                                                                                 Case No. 13-CV-1297

BRODERSEN ENTERPRISES OF WISCONSIN
INC., et al.,
        Defendants.

## DECISION AND ORDER

The pro se plaintiff, Steven Dionne Scott, is a Wisconsin state prisoner and has filed this action under 42 U.S.C. § 1981, 42 U.S.C. § 2000e, and Wisconsin state law. Defendant Brodersen Enterprises of Wisconsin Inc./Brodersen Management (Brodersen) has filed motion to dismiss in which they contend that plaintiff's claims are barred by applicable statutes of limitations, plaintiff's state law claims are barred by Wisconsin's Worker's Compensation Act, and plaintiff fails to state a plausible claim for which relief may be granted. Defendant Popeye's Louisian Kitchen - AFC Enterprises, Inc. (Popeye's) has also filed a motion to dismiss. Popeye's joins in Brodersen's grounds for dismissal and further contends that it is not a proper defendant because plaintiff was not an employee of Popeye's.

## COMPLAINT ALLEGATIONS

Plaintiff is an African/Native American male. He alleges that on May 24, 2005, his shift manager at Brodersen physically assaulted him. Plaintiff sought treatment at St. Joseph's Hospital emergency room where he was diagnosed with an acute right wrist sprain. The next day, plaintiff reported that assault to his store supervisor. The supervisor

told plaintiff that she had been informed that he was using obscene and abusive language in front of customers, being insubordinate, and refusing to work. She told plaintiff that an investigation would be conducted and that he was suspended until further notice. However, the supervisor actually terminated plaintiff without telling him.

Plaintiff claims that he was discriminated against based on his race and sex in violation of 42 U.S.C. § 1981(a). He asserts that had he been treated equally as other employees of all races and sexes, he would not have been secretly terminated in an attempt to cover up the malicious assault. Plaintiff also claims that defendants violated his rights under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Lastly, he seeks relief for emotional distress and neurological trauma due to, (1) assault and battery; (2) negligent hiring; (3) negligent retention of an unfit employee; and (4) negligence for creating a dangerous work environment. For relief, plaintiff seeks monetary damages.

## DISCUSSION

**A.     Defendant Popeye's**

As indicated, Popeye's contends that it is not a proper defendant because plaintiff was not an employee of Popeye's. Plaintiff did not address this argument in his response brief. Accordingly, I will grant Popeye's motion to dismiss on that basis. See Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010).

**B.     Statute of Limitations**

Generally, a statute-of-limitations bar is an affirmative defense, and it is "irregular" to dismiss a claim as untimely on a motion to dismiss. Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (quoting United States v. N. Trust Co., 372 F.3d 886, 888 (7th Cir.

2

2004)). Under Fed. R. Civ. P. 8, a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations. Xechem, Inc. v. Bristol–Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2014). "[B]ecause the period of limitations is an affirmative defense, it is rarely a good reason to dismiss under Rule 12(b)(6). Maybe [the defendant] has itself done something that warrants tolling. Maybe plaintiffs will be unable to prove that [defendant's] acts justify tolling or estoppel . . . . It is best to await a final decision rather than leap into a subject that evidence may cast in a new light." Reiser v. Residential Funding Corp., 380 F.3d 1027, 1030 (7th Cir. 2004).

A motion to dismiss based on failure to comply with the statute of limitations should be granted only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." Chicago Bldg. Design, P.C. v. Mongolian House, Inc., 770 F.3d 610, 613-14 (7th Cir. 2014) (quoting United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005). "In other words, the plaintiff must affirmatively plead himself out of court; the complaint must plainly reveal [ ] that [the] action is untimely under the governing statute of limitations." Chicago Bldg. Design, 770 F.3d at 613-14 (quoting Lewis, 411 F.3d at 842).

In this case, I have already reviewed the complaint under 28 U.S.C. § 1915(e)(2) and determined that plaintiff states a claim. (Court's Order of April 28, 2014.) In that Order, I noted the potential statute of limitations issue but decided that plaintiff could proceed on his claim under § 1981 "given that the date plaintiff discovered the injury is not clear." (Id. at 4.) I also found that plaintiff could proceed on his claim under 42 U.S.C. § 2000e because plaintiff alleged "that defendants prevented him from filing within the statutory time period." (Id. at 5.) The complaint need not anticipate a statute of limitations defense and I have already concluded that plaintiff did not plead himself out of court with

respect to that defense. Thus, Brodersen's motion to dismiss based on the statute of limitations will be denied. If Brodersen believes that plaintiff's claims are barred by the statute of limitations, the proper way to raise that defense is through a motion for summary judgment.

**C.  Failure to File EEOC Notice**

Brodersen next contends that plaintiff has failed to satisfy a condition precedent to filing suit in connection with his claim under § 2000e because he has not alleged that he filed a charge with the EEOC. It is true that in his original complaint, plaintiff did not allege that he filed a charge with the EEOC. However, Scott attached to his brief in opposition to the defendant's motion a copy of an EEOC charge he filed against Brodersen on September 12, 2013. (ECF No. 33, 33-3.) Because plaintiff is pro se and entitled to some latitude, I will grant him leave to file an amended complaint in which he alleges that he filed his EEOC charge on that date.

**D.  State Law Claims**

Defendants also contend that the Worker's Compensation Act (WCA) is plaintiff's exclusive remedy for his state law claims. See Wis. Stat. § 102.03(1). Plaintiff alleges that his shift manager's assault of him was unrelated to his employment and "personal" and therefore not covered by the WCA. However, the WCA clearly bars a claim by an employee against his employer for negligent hiring and related torts arising out of an assault committed by a co-employee in the workplace. Peterson v. Arlington Hospitality Staffing, Inc., 276 Wis.2d 746 (Ct. App. 2004). Accordingly, plaintiff's state law claims will be dismissed.

4

**E.      Failure to State a Claim**

Finally, Brodersen contends that plaintiff has failed to state a claim for employment discrimination.  See Fed. R. Civ. P. 12(b)(6).  To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a short and plain statement of the claim showing that he is entitled to relief.  Erickson v. Pardus, 551 U.S. 89, 93 (2007).  It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, plaintiff is obligated to provide more than labels and conclusions and a "formulaic recitation of the elements of a cause of action will not do . . . ."  Id.  Rather, the complaint allegations "must be enough to raise a right to relief above the speculative level."  Id.

Defendants contend that plaintiff fails to state a claim because the complaint contains nothing more than labels and formulaic conclusions that are supported only by conclusory statements.  However, the Seventh Circuit has held that, even after Twombly, a plaintiff does not have to allege much to state a plausible claim for employment discrimination.  See Swanson v. Citibank, N.A., 614 F.3d 400 (7th Cir. 2010).  Scott's complaint identifies the type of discrimination that he thinks occurs (racial and gender), by whom (the store manager), and when (in May 2005). That is all he needed to put in the complaint.  Id. at 405.

### F. Amended Complaint

Finally, plaintiff has identified the insurance company that it has sued under fictitious names as Employers Insurance Company of Wausau ("Employers"). The plaintiff identified Employers in a document entitled "amendment of complaint." However, the document is not a true amended complaint. Under the local rules of this court, an amended complaint supercedes the prior complaint and must reproduce the entire pleading as amended. See Civil L.R. 15(a) (E.D. Wis. 2010). Plaintiff's proposed amended complaint does not reproduce any part of his original claims but simply states that Employers should be substituted for the fictitiously named insurance companies. Thus, the amended complaint shall be stricken.

As discussed above, I have already decided to grant plaintiff leave to amend his complaint to allege that he filed an EEOC charge. He now also has leave to name Employers as a defendant. Plaintiff shall, within 30 days, file an amended complaint that reproduces the allegations of the original complaint, but which substitutes Employers in place of the fictitiously named insurance companies, and which adds an allegation that he has filed an EEOC charge. Plaintiff shall omit any allegations relating to his state law claims, as those claims have been dismissed.

### CONCLUSION

For the reasons stated,

**IT IS ORDERED** that defendant Brodersen's motion to dismiss (Docket # 28) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to plaintiff's state

law claims and denied as to plaintiff's claims arising under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e.

**IT IS FURTHER ORDERED** that defendant Popeye's motion to dismiss (Docket # 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint (Docket #37) is **STRICKEN**.

**FINALLY, IT IS ORDERED** that plaintiff shall file an amended complaint that complies with my instructions in Part F, above, within 30 days of the date of this order. Once the court receives the amended complaint, it will order the U.S. Marshals Service to serve Employers.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge