# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN DIONNE SCOTT,

      Plaintiff,

      v.                           Case No. 13-CV-1297

BRODERSEN ENTERPRISES OF
WISCONSIN INC./BRODERSEN MANAGEMENT,

      Defendant.

## DECISION AND ORDER

The plaintiff has filed a motion for reconsideration for the appointment of counsel, and a motion for appointment of counsel. In his motion for reconsideration, the plaintiff states that he has contacted five attorneys, but has not found an attorney to represent him in this case. In his motion to appoint counsel, the plaintiff states that his case is complex, will likely require the assistance of experts, his incarceration makes it difficult to conduct discovery, and his case involves conflicting testimony.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his

ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

Here, the plaintiff has made a reasonable attempt to find an attorney on his own. However, based on the nature of this case, the plaintiff's capabilities, and the procedural posture of this case, the court concludes that the plaintiff may proceed without representation at this time. Under the Scheduling Order, the deadline for the completion of discovery was September 25, 2015, and the deadline for filing dispositive motions was October 26, 2015. A review of the case docket reveals that the plaintiff has submitted several discovery requests to defendant. On October 26, 2015, the defendant filed a motion for summary judgment, based in part on statute of limitations grounds, and the plaintiff's response to that motion is due by November 25, 2015. Lastly, the plaintiff's filings in this case reveal that he is competent to respond to defendant's summary judgment on his own.

Based on the foregoing, the court will deny the plaintiff's motion for reconsideration and deny without prejudice his motion to appoint counsel. Plaintiff may refile his motion to appoint counsel if the court denies defendant's motion for summary judgment.

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for reconsideration of appointment of counsel (Docket No. 64) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 66) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge